SANDS (SALISBURY v.). See Case No. 12,-251.

## Case No. 12,305.
### SANDS v. SMITH.

[1 Abb. (U. S.) 368; [1] 1 Dill. 290; 4 West. Jur. 189.]

Circuit Court, D. Nebraska. May Term, 1870.

REMOVAL OF CAUSES—SEVERAL DEFENDANTS.

1. A non-resident plaintiff, who has brought an action at law in a state court against a citizen of the state in which the suit is brought and a citizen of another state, the latter of whom voluntarily appears, may, by complying with the act of congress of March 2, 1867 (14 Stat. 558), obtain a removal of the cause, as to all the defendants, to the proper circuit court of the United States.

[Cited in Case v. Douglas, Case No. 2,491; Florence Sewing-Mach. Co. v. Grover & Baker Sewing-Mach. Co., Id. 4,883. Disapproved in Case of Sewing-Machine Cos., 18 Wall. (85 U. S.) 587. Cited in Hobby v. Allison, 13 Fed. 404. Cited, but not followed, in Hancock v. Holbrook, 27 Fed. 402.]

[Cited in Bury v. Irick, 22 Grat. 484; Cooper v. Condon, 15 Kan. 575; Galpin v. Critchlon, 112 Mass. 343.]

2. The various acts of congress relating to the removal of causes from the state to the federal courts, discussed, and their construction and operation explained by Dillon, circuit judge.

Motion to remand a cause to a state court. The plaintiff in this action, William G. Sands, was a citizen of the state of New York. Two of the defendants, Charles B. and Julia Smith, were citizens of the state of Nebraska; the third, Lydia A. Salisbury, was a citizen of Missouri. The plaintiff, in April, 1868, brought an action against the above named defendants, in one of the state courts of Nebraska. In 1869, and before final hearing or trial, the plaintiff filed his petition in due form, in the state court, for the removal of the cause to the circuit court of the United States for the district of Nebraska. He also filed in the state court an affidavit, pursuant to the act of March 2, 1867 (14 Stat. 558), stating therein that he had reason to believe and did believe, that from prejudice or local influence he would not be able to obtain justice in the state court, and offered the requisite surety for his entering copies, &c. in the United States court. Subsequently, on this applica-

[1] [Reported by Benjamin Vaughan Abbott, Esq., and here reprinted by permission.]

tion coming on to be heard, the state court made an order transferring the cause to the circuit court of the United States. The defendants now moved to remand the cause to the state court, for the reason that, under the circumstances above stated, the order for the removal was erroneously made.

It appeared that the amount in dispute exceeded five hundred dollars and costs. The action was founded upon a joint and several promissory note signed by the defendants, Smith and wife, and by Lydia A. Salisbury and her deceased husband. The Smiths pleaded usury and payment—this payment being alleged to have been made by the receipt by the plaintiff of rents and profits of certain premises mortgaged to secure the note. Mrs. Salisbury pleaded, in the mode authorized by the state practice, by way of counter-claim, or in the nature of a cross action, an equitable defense; and prayed for affirmative relief. She alleged, in substance, that she and Mrs. Smith borrowed the money of the plaintiff for which the note in suit was given, mortgaging a tract which each owned in severalty, and also a tract which they owned in common; that the plaintiff had obtained in the state courts a decree of foreclosure for accrued interest on the note in suit; that this decree was void for want of jurisdiction as to Mrs. Salisbury; that the plaintiff bought in the property under the decree, and has since been in possession, receiving the rents and profits, alleged to be more than sufficient to pay the mortgage debt. She prayed that an account might be taken of the amount due the plaintiff on the note, and of the rents and profits received, and that she might be allowed to redeem the premises from the mortgage, if anything is due thereon.

J. M. Woolworth, for the motion.
Redick & Briggs, opposed.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. By the constitution, the judicial power of the United States extends "to controversies between citizens of different states."

In prescribing the jurisdiction of the circuit courts of the United States, the judiciary act did not confer it as broadly as it might have done under the constitutional provision just quoted, but limited it to cases where the "suit is between a citizen of the state where the suit is brought and a citizen of another state." Act Sept. 24, 1789, § 11 [1 Stat. 73]. Under this provision, one of the parties, either the plaintiff or defendant, it matters not which, must be a resident of the state where the suit is brought, and the other not. In other words, it must be a controversy or suit between a resident and a non-resident citizen. The next section of the judiciary act (section 12) provides for the removal of causes, under certain circumstances, from the state courts to those of the United States. Until very recently this was the only statute authorizing the removal on the ground of citizenship of the parties. It authorized the removal by the defendant (under the limitations therein mentioned) where the suit is commenced in the state court "by a citizen of the state in which the suit is brought against a citizen of another state." That is, if the suit is by a resident plaintiff, the non-resident defendant may have it removed; but the resident plaintiff could not. Under section 11 of the judiciary act, a non-resident plaintiff might sue in the circuit court a resident defendant; but if a non-resident plaintiff elected to sue in a state court, section 12 of that act would give neither party the right to remove the cause from the state court to the United States court. The plaintiff was not given the right because he had voluntarily selected the state court in which to bring his action; the defendant was not given the right because it was not supposed that he would have any grounds to object that he was sued in the courts of his own state. So that the right of removal by the judiciary act is limited to the non-resident defendant when sued by a resident plaintiff in the courts of the state.

By section 11 of the judiciary act, as we have seen, the circuit court has jurisdiction when the suit is between a citizen of the state in which it is brought and a citizen of another state.

This was construed by the courts to mean that if there were several plaintiffs and several defendants, each one of each class must possess the requisite character as to citizenship. Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267.

For example, a citizen of New York and a citizen of Georgia could not join as plaintiffs in suing in New York a citizen of Massachusetts (if found in New York) because the plaintiffs were not each competent to sue, for the citizen of Georgia could not (under section 11 of the judiciary act) sue a citizen of Massachusetts in New York. Moffat v. Soley [Case No. 9,688].

But other and greater difficulties were experienced. Section 11 of the judiciary act also enacted "that no civil suit should be brought in any other district than the one whereof the defendant was an inhabitant, or in which he shall be found at the time of serving the writ."

By the common law, all parties jointly liable must be jointly sued and brought into court, and if any of them reside out of the district where the suit was brought, or in the state in which the plaintiff resided, the national court was deprived of jurisdiction.

To remedy this, the act of February 28, 1839 (5 Stat. 321), was passed. This statute will be referred to more at large hereafter. In my opinion, it gives a citizen of one state the right to commence suit in the circuit court of the United States in any other state against such persons as reside there, or may

be found there, and the jurisdiction of that court is not defeated by the circumstance that other persons (proper but no longer necessary defendants) reside in some other state.

Under section 12 of the judiciary act above quoted, regulating removals, it was held that a cause could not be removed unless all the defendants asked for it; that to bring the case within the act, all the plaintiffs must be citizens of the state in which suit is brought, and all the defendants must be citizens of some other state or states. Beardsley v. Torrey [Case No. 1,190]; Ward v. Arredondo [Id. 17,148]; Hubbard v. Northern R. Co. [Id. 6,-818]; s. c., 25 Vt. 715.

But the rule did not apply to persons who were mere nominal or formal parties. Brown v. Strode, 5 Cranch [9 U. S.] 303; Wormley v. Wormley, 8 Wheat. [21 U. S.] 421; Ward v. Arredondo, supra; Wood v. Davis, 18 How. [59 U. S.] 467.

It will be borne in mind that the act of February 28, 1839, above mentioned, authorized suits against defendants who might be non-residents of the district in which suit is brought, or not found therein, and that the plaintiff might proceed to judgment against those served, and against such non-resident defendants as should voluntarily appear.

Under this act a citizen of New York may, as in the case at bar, sue a citizen of Nebraska in the United States circuit court sitting in the latter state, and may also make a citizen of Missouri a party defendant; and if the latter is served within the district of Nebraska, or voluntarily appears to the action, the suit may proceed to trial and judgment against all. So that it is not true, as urged by the defendants, that this suit could not originally have been brought in the circuit court of the United States for the district of Nebraska; and hence, by allowing its removal, the court does not get cognizance of a cause which could not in the first instance have been brought therein.

But if this were so, it would not necessarily follow that the right of removal did not exist; for the circuit court may by removal acquire jurisdiction of a cause which could not have been commenced therein. Sayles v. Northwestern Ins. Co. [Case No. 12,421]; Bliven v. New England Screw Co. [Id. 1,550]; Barney v. Globe Bank [Id. 1,031].

Such being the law and the construction of the courts, congress passed the act of July 27, 1866 (14 Stat. 306), entitled "An act for the removal of causes in certain cases from the state courts." This act provides for removal in cases where the citizenship of the defendants is different. It contemplates cases where the plaintiff in the state court is "a citizen of the state in which the suit is brought," following in this respect the language of section 12 of the judiciary act. But it enlarges the provisions of the judiciary act in that it contemplates the case of several defendants, some residing in the state in which the suit is brought, and some in a state other than that in which suit is instituted; and it authorizes, in certain cases, the non-resident defendant to have the cause removed as to him and to proceed in the state court as to the resident defendants. The effect of this statute is plain:—without it no removal could be made, because all the defendants were not within the act, and under the ruling of the courts before mentioned, unless the cause was removable as to all, it was not removable as to any.

But, as in the judiciary act, the right of removal is confined by the act of July 27, 1866, to cases where the plaintiff is a resident and the defendant is a non-resident, and it is limited to the foreign defendant, and does not extend to the plaintiff.

We now come, in the progress of this discussion, to the act of March 2, 1867 (14 Stat. 558) upon which the right of removal in the case at bar is claimed, and which is the first act which, in any event, extended the right to plaintiffs. It professes to be an amendment to the act of July 27, 1866, last noticed, and it extends the right, in the cases provided for, as well to plaintiffs as defendants, but confines it to such as are non-residents of the state in which the suit is brought, and makes the ground of removal not alone the citizenship of the parties, but prejudice or local influence.

The act provides "that where a suit is now pending, or may hereafter be brought in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state . . . such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit, stating that he has reason to believe and does believe that from prejudice or local influence he will not be able to obtain justice in such state court," he may have the cause removed to the circuit court of the United States.

It will be seen that as to the plaintiffs, this follows the language of section 11 of the judiciary act, and not of section 12 of that act; the plaintiff may or may not be a resident of the state where the suit is brought; and the right of removal is given to the non-resident party, be he the plaintiff or defendant.

Speaking of this act, Mr. Justice Miller, in a case in this court (Johnson v. Monell [Case No. 7,399], May term, 1869), says: "The only conditions necessary to the exercise of the right of removal are: (1) That the controversy shall be between a citizen of the state in which the suit is brought, and a citizen of another state. (2) That the matter in dispute shall exceed the sum of five hundred dollars, exclusive of costs. (3) That the party citizen of such other state shall file the required affidavit, stating, &c. the local prejudice. (4) Giving the requisite surety for appearing in the federal court. Congress intended to give the right in every case where the four requisites we have mentioned exist."

In that case the plaintiff was a citizen of

Iowa, one defendant was a citizen of Nebraska, and the other of New York, but the last was not served with process and did not appear; and it was held that the plaintiff was entitled, under the act of March 2, 1867, to have the cause transferred from the state court to· the United States court after a verdict of the jury in the state court in his favor had been set aside by the court.

Taking the act of March 2, 1867, in connection with the acts of February 28, 1839, and July 27, 1866, we are of opinion that it was the intention of congress to give (in the enumerated conditions) a non-resident plaintiff the right to remove the cause from the state court, where the adverse parties are citizens of the state where the suit is brought; and this right is not defeated by the circumstance that some one of the persons, made a defendant under the act of 1839, may be a citizen of a state other than that in which the suit is brought. This seems to the court to be the spirit and manifest purpose of the legislature in question. It is the supposed local influence and prejudice that form the basis of right of removal in favor of the non-resident. As against the Smiths, if sole defendants, it is conceded that the right would exist. As respects the defendant, Salisbury, we have seen that suit might have been brought against her and the Smiths in the circuit court:—she is deprived of no right by holding in favor of the removal, and it seems to us to be an extremely technical construction to hold that the right of removal depends upon the circumstance that all the defendants are residents of the state in which the suit is brought.

The act of March 2, 1867, construed in the light of previous legislation and decisions, in its terms covers this case; and if so, this court has jurisdiction over it. This is put very plainly by an eminent judge in speaking of a cause removed under section 12 of the judiciary act: "But the jurisdiction of the United States circuit court, over this case does not depend upon section 11, but on section 12 of the judiciary act. If it be a suit which that section authorizes the defendant to remove, it empowers this court to take jurisdiction over it when removed." Per Curtis, J., Sayles v. Northwestern Ins. Co. [supra].

The view on which the motion to remand is based is that maintained in the early case of Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267, and overlooks the modifications which subsequent legislation and decisions have made. See Louisville R. Co. v. Letson, 2 How. [43 U. S.] 497, 556; Heriot v. Davis [Case No. 6,404]; Taylor v. Cook [Id. 13,789]; Doremas v. Bennett [Id. 4,001].

It is to be remembered that the plaintiff's action is upon a joint and several promissory note. and that he seeks simply to recover an ordinary personal judgment upon it against the makers. The case is one in which the plaintiff might ordinarily have sued in this court, making the Smiths and Mrs. Salisbury defendants. It is precisely such a case as the act of 1839 contemplated.

Mrs. Salisbury voluntarily appeared in the state court, and answered to the action. The circumstance that she pleads as a defense (under the state practice) matters which properly constitute grounds for a bill in equity cannot defeat the right of removal, if the right otherwise exists; and that it does exist, we have above endeavored to show. The motion to remand is denied; but as in this court law and equity must be kept separate, it is suggested that it may be advisable for the parties to reform the pleadings so as to adapt them to the practice in this tribunal. Motion denied.

[For hearing on a bill to redeem the property from the mortgage, see Case No. 12,251.]

NOTE [from original report in 1 Dill. 290]. The equitable defence of Mrs. Salisbury pleaded in her answer filed in the state court, was subsequently made the subject matter of a bill in equity filed in the circuit court, and as the plaintiff, Smith, was a non-resident of the district, the court made a special order allowing service to be made upon his attorneys of record prosecuting the action at law on the note. The act of March 2, 1867, provides that if "such citizen of another state will make and file an affidavit stating that he has reason to believe, &c., it shall be the duty of the state court to accept the surety," &c. Construing this act, it was in another case held by Dillon and Dundy, JJ., that an affidavit of the plaintiff's attorney stating "that the plaintiff had reason to and does believe that from prejudice or local influence he will not be able to obtain justice in the state court," was insufficient to authorize that court to order the removal, and if ordered, the cause on motion would be remanded to it. In the same case it was also held that the facts showing the reasonableness of the party's belief and the existence of the local prejudice need not be stated in the affidavit, which is sufficient in these respects. if it follows the general language of the act. Whether under this act an attorney could, in any case, make the affidavit, was not decided; but if so, it is perhaps advisable that the reason why it is not made by the party himself should appear. Requisites of petition for removal: Sweeney v. Coffin [Case No. 13,686]. Practice: McBratney v. Usher [Id. 8,661].